In the Matter of LITCHFIELD CON-
STRUCTION MANAGEMENT,
INC., Debtor.

FIRST NATIONAL BANK OF
LITCHFIELD, Plaintiff,

v.

John J. O'NEIL, Jr., Trustee, Defendant.

Bankruptcy No. 2–89–01643.
Adv. No. 2–91–2029.

United States Bankruptcy Court,
D. Connecticut.

Feb. 12, 1992.

Barry S. Moller, Cramer and Anderson, Litchfield, Conn., for plaintiff.

John J. O'Neil, Jr., Hartford, Conn., for defendant.

MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

I.

In this proceeding, First National Bank of Litchfield, the plaintiff, seeks, in effect, an order requiring John J. O'Neil, Jr., the chapter 7 trustee-defendant, to turn over to the plaintiff the sums of $14,235.09 (first count) and $5,875.00 (second count). The parties have submitted the issues raised in the plaintiff's complaint by way of the pleadings, briefs and a sparce stipulation of facts.

II

A.

Litchfield Construction Management, Inc., the debtor, filed a chapter 7 petition on December 4, 1989. On that date the debtor was liable to the plaintiff in an amount exceeding $15,000 due on a defaulted promissory note. The debtor's checking account at the plaintiff bank then had a positive balance of $14,235.09. The promissory note, dated July 20, 1988, contained a provision that the plaintiff "may take any funds [the debtor has] on deposit with this Bank and apply them to the unpaid balance of this Note."

On February 20, 1990, the trustee demanded and the plaintiff paid over to him the bank account balance of $14,235.09. Six months later, on August 30, 1990, the plaintiff first advised the trustee that "it wished to exercise its right of setoff." Stip. of Facts. No. 6. The trustee rejected the plaintiff's request.

The trustee contends in his brief that the plaintiff's right of setoff was extinguished when the bank forwarded the account balance to him. The plaintiff argues that the right of setoff held by it on the bankruptcy petition date may be later asserted, notwithstanding the prior remittance of the bank account balance to the trustee.

### B.

The trustee relies upon *National Bank of Boaz v. Royal Crown Bottling Co. (In re Royal Crown Bottling Co.)*, 29 B.R. 52 (Bankr.N.D.Ala.1981), which holds that after a bank, upon demand, paid a bankruptcy trustee the balance in a debtor's bank account, "there was no longer a debt for that sum which it could offset against a debt which the debtor . . . owed it," and the right of setoff "collapses." *Id.* at 54. *See also, In re Mauch Chunk Brewing Co.*, 131 F.2d 48, 49 (3rd Cir.1942) (where bankruptcy trustee withdraws funds from account at bank with bank's knowledge of bankruptcy filing, bank's action "tantamount to renunciation of its privilege of setoff." Setoff "is a privilege which the creditor may or may not claim. If it is not asserted, it is lost."); *Crispell v. Landmark Bank (In re Crispell)*, 73 B.R. 375, 380–81 (Bankr.E.D.Mo.1987) ("The Bank . . . by voluntarily releasing funds in the checking account to the Debtor. . . . waived whatever setoff rights it may have had."); *In re Archer*, 34 B.R. 28, 30 (Bankr. N.D.Tex.1983) (Bank which turned over bank account balance to debtor in possession thereby "lost any opportunity that it might have had to effect a setoff.").

The plaintiff, in support if its position, urges upon the court the holding in *Scherling v. Chase Manhattan Bank (In re Tilston Roberts Corp.)*, 75 B.R. 76 (S.D.N.Y.1987). In *Tilston,* the debtor filed a chapter 7 petition on December 10, 1984 and an interim trustee, appointed the same day, upon advising Chase Manhattan Bank (Chase) of his appointment, was informed of a debtor's bank account in the amount of $252,887.06. The trustee, two days later, transferred this balance to a new trustee account at Chase and immediately wrote a check for $230,000, which he deposited in another bank. On December 12, 1984, Chase first realized that the debtor had overdrawn an account the debtor maintained at one of Chase's branches and, after so advising the trustee, froze the trustee's Chase bank account and refused to honor the $230,000 check. The trustee thereupon moved in the Bankruptcy Court for an order directing Chase to release all funds in the trustee's Chase account, and Chase cross-moved for an order permitting Chase to set off the overdraft. The Bankruptcy Court permitted Chase to set off the overdraft. Upon the trustee's appeal to the District Court, the Court affirmed the ruling of the Bankruptcy Court and approved the Bankruptcy Court's conclusion that the trustee was "play[ing] 'gotcha' with the debtor's banks." *Id.* at 79. The District Court warned, however, that the Bankruptcy Court's decision "does not give banks or other creditors the ability to preserve their right of setoff indefinitely." *Id.* The Court ruled: "The doctrine of laches, another creature of equity, may bar a creditor's attempt to assert a right to setoff, as may the doctrine of equitable estoppel. Moreover, under certain circumstances a creditor may be held to have waived its right to setoff." *Id.*

Whether applying the *Royal Crown* or the *Tilston* reasoning to this proceeding, I conclude the plaintiff is not entitled, six months after transferring the debtor's bank balance to the trustee, to assert any right of setoff that may have existed on the date of the bankruptcy petition. The stipulation of facts is completely barren of any equitable basis to permit the plaintiff to receive the relief it requests. Judgment will enter for the trustee on the first count of the complaint.

### III.

### A.

■ The plaintiff's second count deals with an asserted security interest in a cash construction bond of $5,875 the debtor had placed with the Town of Fairfield, Connecticut (Town). The stipulation of facts is silent as to the circumstances of the place-

ment of the bond. After the petition date, the trustee apparently requested the Town to forward these monies to him and the Town complied. The debtor, in addition to the July 20, 1988 promissory note, had simultaneously executed a security agreement in favor of the plaintiff. According to the plaintiff's brief, the debtor granted the plaintiff a security interest in "all after acquired property used in the conduct of said business, proceeds of sale from any of the foregoing, and any other substitutions and replacements thereof." Plaintiff's Brief at 8. The plaintiff contends that the "posted bond was part of the property used in the conduct of said business, and, therefore, when it was returned to the trustee it was still secured pursuant to the perfected security interest". *Id.*

The trustee argues that a filed financing statement with the above-quoted language is not "sufficient to identify the funds due under the bond agreement with the Town of Fairfield." Trustee's Brief at 5.

### B.

The debtor's right to the return of the cash bond upon completion of the construction represents a general intangible. *See* Conn.Gen.Stat.Ann. § 42a–9–106 (West 1990) (" 'General intangible' means any personal property including things in action, other than goods, accounts, chattel paper, documents and money."). The quoted language from the financing statement neither describes nor includes general intangibles. Accordingly, the plaintiff did not hold a perfected security interest in the debtor's conditional right to a return of the cash bond. *See In re Boogie Ent., Inc.,* 866 F.2d 1172, 1174 (9th Cir.1989) (financing statement listing collateral as all "equipment, personal property ... inventory and accounts receivable now owned or hereafter acquired" insufficient to perfect interest in general intangible (third party settlement proceeds)); *In re Chattanooga Choo–Choo Co.,* 98 B.R. 792, 796–98 (Bankr.E.D.Tenn.1989) (various financing statements referring to, *inter alia,* "documents, instruments and contract rights," and "all chattel paper and instruments ... evidencing any obligation to Debtor for

payment for goods sold or leased or services rendered" did not perfect security interest in general intangible (trade mark)); *In re American Home Furnishings Corp.,* 48 B.R. 905, 906–07 (Bankr.W.D.Wash.1985) (financing statement describing all "assets of [debtor] ... including ... accounts ... contract rights ... chattel paper and all proceeds of said collateral and all additional assets of the corporation hereafter acquired" did not perfect a security interest in general intangible (income tax refund)).

The plaintiff has not carried its burden of proof of establishing the allegations of the second count of its complaint.