**In re Richard E. RATKA and Susan K. Ratka, Debtors.**

**Bankruptcy No. X90–02006F.**

United States Bankruptcy Court, N.D. Iowa.

Aug. 4, 1992.

See also 133 B.R. 480.

---

David A. Hoyt, Jefferson, Iowa, for debtors.

Jeffrey Myers, Sioux City, Iowa, for Boatmen's Bank.

James H. Cossitt, Ames, Iowa, Trustee.

## ORDER RE: MOTION TO ENLARGE TIME FOR FILING OBJECTION TO TRUSTEE'S FINAL REPORT

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is the motion of Boatmen's Bank (f/k/a First Interstate Bank of Sioux City) for an enlargement of time to file an objection to the trustee's final report. A telephonic hearing on the motion was held July 31, 1992. Jeffrey Myers, Esq. appeared on behalf of Boatmen's Bank; David Hoyt, Esq. appeared on behalf of the debtors; John Schmillen, Esq. appeared on behalf of the United States Trustee; and James Cossitt, trustee, appeared pro se.

Richard and Susan Ratka filed their chapter 7 case in the autumn of 1990. Creditors were notified initially that it was unnecessary to file proofs of claim. Order for Meeting of Creditors (docket no. 5). However, on December 31, 1990, the clerk issued an order setting April 1, 1991 as the claims deadline. The notice was served upon all creditors and parties-in-interest including Boatmen's Bank, then known as First Interstate Bank of Sioux City (BANK). On February 20, 1991, Jeffrey T. Myers first appeared on behalf of Bank requesting leave to examine the debtors. (Docket no. 14). On March 19, 1991, attorney Myers filed Bank's proof of claim. Paragraph four of the proof indicated that bank had a secured claim of $44,780.12. Trustee issued his final report on April 22, 1992. In it, he proposed no distribution to

Bank because of its secured status. Final report, exhibit B, page 2 (docket no. 27). On April 29, 1992, the clerk served notice of the final report on creditors and parties-in-interest. The clerk's certificate of service showed that notice was mailed to First Interstate Bank of Sioux City and upon Jeffrey T. Myers. Myers was served at 509—9th Street, Sioux City, Iowa 51101.

There being no objections to the final report, the court, on May 29, 1992, issued its order approving it. The trustee was authorized to disburse funds in accordance with the proposed distribution set forth in the report. (Docket no. 29). On the same day, Myers, on behalf of Bank, filed a motion to enlarge time to object to the trustee's report. As grounds, the motion stated that the attorney "did not receive a copy of this Notice until recently, as only the creditor was notified and they were under the impression that their attorney had also received a copy." Motion (docket no. 30). Attached to the motion is the objection which the bank seeks to interpose. The objection alleges that bank's security interest is worthless and that it would therefore be inequitable to prevent bank from participating in a cash distribution from the estate. The court set the matter for hearing, and at the telephonic hearing, the trustee resisted the motion, contending that the bank's failure to timely file is a bar to its objection.

## DISCUSSION

At the hearing, the only evidence offered in support of the motion to enlarge was the statement by the Bank's attorney that he did not receive notice of the final report. Such a statement is insufficient to rebut the presumption of receipt established by the clerk's certificate of service. *In re Barnes*, 114 B.R. 579, 581 (Bankr. S.D.Ill.1990). The court, therefore, must find that notice of the report and the deadline for objecting to it was received by Bank's attorney.

For the Bank to obtain an extension of the time for objecting, it must show that its failure to act within the deadline was

the result of excusable neglect. Fed. R.Bankr.P. 9006(b)(1). "To establish 'excusable neglect' under Rule 9006(b), the moving party must prove that a failure to timely perform a duty was caused by circumstances beyond the reasonable control of the person whose duty it was to perform them." *In re Siesta Sands Development Corp.*, 118 B.R. 108, 111 (M.D.Fla.1990). Bank has not made such a showing.

 There was adequate notice of the report and adequate time given to object. Bank is a sophisticated creditor. It was told it would not be receiving a distribution because it had filed a secured claim. It failed for more than two weeks to discuss this situation with its counsel because it allegedly assumed that counsel was aware of the notice. This shows a lack of diligence, not excusable neglect.

Although not necessary to this decision, the court considers it important to point out to the bar and to creditors the risk that may be inherent in a secured creditor's delaying the establishment of any unsecured portion of its claim. Bank has been dilatory in establishing its unsecured claim. It filed a secured claim in March, 1991. Bank's counsel examined the debtors in April, 1991. It has taken no apparent action since then to establish its unsecured claim. When it acquired the knowledge or opinion that its collateral was "worthless", it could have amended its claim or filed a valuation motion under Fed.R.Bankr.P. 3012. The effect of Bank's motion to extend is to ask to begin such procedures now, even though Bank has been aware since early January, 1991, that there were assets available for distribution to unsecured creditors. The final report should not be used by creditors as a reminder to take action to establish their unsecured claims. By the time the report is filed and service accomplished, a trustee has expended his or her time to examine claims, to request allowance of administrative expenses and to calculate proposed disbursements. At or about the time that the report is prepared, the trustee removes estate funds from interest-bearing accounts. Prior to its filing, the report is submitted to and reviewed by the United States Trustee. Upon its filing, the clerk provides notice of the report to parties-in-interest.

 A creditor which waits until the receipt of that notice to make the court aware that it wants to establish an unsecured claim risks losing a distribution on the claim when it has had access to procedures to establish the claim and yet has failed to act. Bank has not been diligent in pursuing a dividend from the estate. Its motion should be denied.

### CONCLUSION

Boatmen's Bank has not shown excusable neglect for its failure to timely object to the trustee's Final Report and Account. Accordingly,

IT IS ORDERED that the motion to extend is denied.

SO ORDERED.