**In re Robert GEHRKE, d/b/a Gehrke Construction Co., Debtor.**

**Bankruptcy No. L91–01641C.**

United States Bankruptcy Court, N.D. Iowa.

May 7, 1993.

Michael A. Smith, Eldora, IA, for debtor.

Thomas G. McCuskey, Trustee, Cedar Rapids, IA.

Curtis A. Ward, Marshalltown, IA, for Security Bank.

Lynn J. Wiese, Iowa Falls, IA, for Jean Gehrke.

## ORDER RE: TRUSTEE'S FINAL REPORT AND ACCOUNT, REPORT ON CLAIMS AND OBJECTIONS THERETO

WILLIAM L. EDMONDS, Chief Judge.

The matter before the court is the trustee's final report and account and claims report filed February 12, 1993. The Small Business Administration (SBA), Jean Gehrke and Security Bank (BANK) filed objections to the reports. Hearing was held in Cedar Rapids, Iowa on April 7, 1993.

The SBA objected to the trustee's Final Report and Account, which proposed that all administrative expenses and priority claims would be paid in full from funds subject to perfected security interests of the SBA and the Bank. The Bank joined in SBA's objection to the Final Report.

The trustee reports that the SBA's objection has been resolved by the amended report on claims filed April 5, 1993, which was served on all parties-in-interest. Exhibit "C" to the amended report modifies the distribution to creditors. Administrative expenses will be paid out of secured and unsecured funds in a proportion that each fund bears to the total collected by the trustee. Priority claims will receive a pro rata share of the balance of the unsecured funds.

The trustee disallowed the claim of Jean Gehrke in the amount of $36,637.88 for lack of documentation. Jean Gehrke filed an objection to the final report and account and the claims report. Attached to the objection as documentation in support of her claim was a Stipulation filed in Equity Case No. DM5–207 in the Iowa District Court for Hardin County, In Re the Marriage of Jean Marie Gehrke and Robert Ray Gehrke. Paragraph 1 of the Stipulation provides that the Stipulation is entered into subject to the approval of the district court. No court order is attached. It is unclear from the Stipulation what Jean Gehrke's claim is for or how the amount of the claim was determined. Jean Gehrke's counsel received notice of the hearing on objections to the reports. No one appeared for Jean Gehrke at the hearing. Her objection to the final report and claims report will be overruled.

The court notes that even if Jean Gehrke's claim had been allowed, there would have been no distribution to her. After payment of secured claims and administrative expenses, $10,390.21 will remain to be prorated among $15,656.16 of priority claims. Exhibit "C" to amended report on claims. There will be no funds available for distribution to unsecured claims.

Security Bank objects to the trustee's final report and account on the ground that the trustee proposes to distribute $6,800.96 in which the Bank claims a right of setoff. The debtor filed a chapter 7 bankruptcy petition on September 5, 1991. On October 7, 1991, the trustee wrote a letter to the Bank requesting that it turn over funds on deposit to the trustee for the benefit of creditors of the estate. The letter stated in part:

> If you contend that any of these funds are proceeds to which you might be entitled under some security documentation, please provide me with copies of your security documentation immediately ...
>
> Please take no act with respect to any of the security until we have determined the validity and perfection of various security agreements ...

Exhibit 1, page 3. On October 10, 1991, the Bank forwarded to the trustee the proceeds of several bank accounts in the name of the debtor. The Bank's cover letter made no mention of any security interest or other right to the funds reserved by the Bank. Exhibit 1, page 1.

The Bank has not previously attempted to exercise the right of setoff or requested relief from the stay to do so. The Bank has first asserted the right in its objection to the trustee's final report filed February 16, 1993.

The Bank claims a right of setoff based on language accompanying the Bank signature cards which provides:

> The depositor hereby authorizes the Bank, at any time it deems itself insecure, or in case of the death or insolvency of the depositor, to charge or setoff against any deposit of the depositor with the Bank any debts or obligations owing by the depositor to the Bank....

Exhibit "A-6" to Bank's objection.

■ Section 553 of the Bankruptcy Code does not create any new right of setoff where none would otherwise exist. *American Central Airlines, Inc. v. Dept. of Transportation (In re American Central Airlines, Inc.)*, 60 B.R. 587, 589 (Bankr.N.D.Iowa 1986). Section 553 merely preserves the right of setoff arising out of nonbankruptcy law and provides for some restrictions on its exercise. *In re Allen*, 135 B.R. 856, 870 (Bankr.N.D.Iowa 1992), quoting *I.R.S. v. Norton*, 717 F.2d 767 (3d Cir.1983); 4 Collier on Bankruptcy ¶ 553.02 at 553-10. Section 553 is not self-executing. A creditor must take affirmative action to exercise the right of setoff. *Huisinga v. National Bank of Waterloo (In re Bohlen Enterprises)*, 78 B.R. 556, 559-60 (Bankr.N.D.Iowa), *aff'd*, 91 B.R. 486 (N.D.Iowa 1987), *rev'd on other grounds*, 859 F.2d 561 (8th Cir.1988).

■ The common law right of setoff is a possessory interest. *Olsen v. Harlan National Bank*, 162 N.W.2d 755, 759 (Iowa 1968) (bank may apply assets of the debtor in its possession to payment of debts) (citations omitted). A bank deposit creates a debtor-creditor relationship. *Bohlen Enterprises*, 78 B.R. 556, 561. The deposit is a debt owed by the bank to the depositor. Once the deposit is paid out, there is no longer a debt which the bank may offset against a debt the depositor owes the bank. *In re Royal Crown Bottling Co. of Boaz, Inc.*, 29 B.R. 52, 54 (Bankr.N.D.Ala.1981).

■ Turnover to the trustee of the debtor's property precludes any subsequent claim of setoff by the creditor who had held the property. *In re Litchfield Construction Management, Inc.*, 137 B.R. 98 (Bankr.D.Conn.1992) (bank not entitled to assert setoff six months after transferring debtor's bank balance to trustee); *Holder v. Wilson (In re Wilson)*, 49 B.R. 19 (Bankr.N.D.Texas 1985); *Royal Crown*, 29 B.R. at 54. *Cf. Scherling v. Chase Manhattan Bank (In re Tilston Roberts Corp.)*, 75 B.R. 76 (S.D.N.Y.1987) (bank acting within hours to reverse transfer to trustee did not intend to waive setoff rights). Courts have also found that filing a proof of claim without asserting the right of setoff constitutes waiver of the right of setoff. *Tavormina v. ITT Commercial Finance Corp. (In re Aquasport, Inc.)*, 115 B.R. 720, 721-22 (Bankr.S.D.Fla.1990), citing cases. Therefore, the Bank's argument that the right to setoff is not waived until the trustee makes a distribution to creditors is without merit.

■ The Bank argues that it has not waived its right of setoff because the turnover of the money to the trustee was involuntary. The Bank argues that it felt compelled to turn the money over to the trustee, an officer of the court, when it received the letter requesting it to do so. The Bank interpreted the letter to mean that it should take no action with respect to any claimed interest in the funds and that the right of setoff was being preserved until a later determination of the priority of the parties. However, the trustee's letter to the Bank of October 7, 1991, also requested documentation of any security interest the Bank claimed in the funds. It was not reasonable for the Bank to believe the trustee would determine the Bank's priority to funds under the right of setoff without some documentation that the right existed and in what amount.

The facts of this case appear similar to those in *In re Royal Crown Bottling Co. of Boaz, Inc.*, 29 B.R. 52 (Bankr.N.D.Ala. 1981), in which the bank's counsel argued that the bank could not have waived the right of setoff since waiver requires a deliberate relinquishment of a known right. The bank's counsel argued "the bank's officers were not lawyers and did not know that the bank had the right to resist the trustee's demand for payment." However,

the court found that once the bank had paid the money to the trustee, the right of setoff was lost. The suggestion that the bank acted under duress was unsupported. *Id.*, 29 B.R. at 54.

Even assuming the turnover to the trustee was involuntary, the Bank's failure to assert the right of setoff constituted waiver of the right. In *In re Public Service Co. of New Hampshire*, 884 F.2d 11 (1st Cir.1989), an electric utility customer sought to offset its debt for purchase of electricity against an alleged obligation of the debtor to buy back excess power from the customer. The debtor brought an adversary proceeding to recover the past due obligation. Both the bankruptcy court and district court ruled against the customer. The customer paid the debt without staying the order on appeal to the First Circuit. The debtor argued the customer no longer had a right to assert a setoff since the customer had already paid the debt. The court found that payment of the debt in this circumstance was not voluntary and did not constitute a waiver. The customer "seasonably asserted its right of setoff and has consistently maintained its entitlement thereto." *Id.* 884 F.2d at 11. Thus, in the *Public Service Co.* case, not only did the customer assert its right to setoff, it litigated the issue before turning over the money. In contrast, the Bank did not assert its right to setoff until after the trustee filed his final report, nearly one and one-half years after the Bank turned the funds over to the trustee.

■ The Bank next argues that while it may have waived the right of setoff, under Bankruptcy Code § 506(a), an allowed claim that is subject to setoff is treated as a secured claim. 11 U.S.C. § 506(a). In *In re Archer*, 34 B.R. 28 (Bankr.N.D.Texas 1983), the debtor owed the bank $420,000.00. On the same day that she filed her chapter 11 bankruptcy petition, she requested the bank to cash a certificate of deposit for $8,000.00. The bank, not wanting to risk a judgment for contempt for violation of the automatic stay, paid the money to the debtor. Five days later, the bank filed a motion to pro-

hibit use of the money as cash collateral, based on the secured claim treatment allowed for a claim that is subject to setoff pursuant to § 506(a). The bank was not allowed to offset the deposits against the debt owed by the debtor. The right of setoff must be asserted; otherwise, it is considered waived and lost. *Archer*, 34 B.R. at 30. However, the court allowed the bank's claim to be treated as a secured claim even though the bank no longer had possession of the funds and did not have a perfected security interest under state law. The court found that the turnover of funds to the debtor was involuntary. *Id.* at 31.

■ The court in *Archer* may have treated the bank's claim as secured rather than allowing it to exercise a setoff in order to assist the Chapter 11 debtor's chances of reorganization. Because the turnover was involuntary, the court acknowledged the bank's interest based on setoff rights. Treating a claim subject to setoff as a secured claim effectively defers rather than denies the creditor's setoff. See *Blanton v. Prudential–Bache Securities, Inc. (In re Blanton)*, 105 B.R. 321 (Bankr.E.D.Va.1989); *In re Allen*, 135 B.R. 856, 871 (Bankr.N.D.Iowa 1992).

■ However, before a claim that is subject to setoff may be treated as a secured claim, the creditor must first assert the right of setoff and establish that the debts involved are prepetition mutual obligations. Once established, the right to setoff is treated as an allowed secured claim under 11 U.S.C. § 506(a). *In re Hinderks*, No. L89–00126C, slip op. at 8, 1989 WL 434164 (Bankr.N.D. Iowa, May 26, 1989), citing *In re Rinehart*, 76 B.R. 746, 749 (Bankr.D.S.D.1987); *In re Britton*, 83 B.R. 914, 918 (Bankr.E.D.N.C.1988). Because the Bank did not properly assert setoff rights, it may not now seek a secured claim for the amount of the deposits.

■ Finally, the court rejects the Bank's argument that other creditors would be unjustly enriched if the Bank is not allowed to assert setoff rights at this point in the bankruptcy proceedings. The money collected from the Bank deposits are

not sufficient to pay priority claims in full; there will be no distribution to unsecured creditors. A setoff by the Bank would leave even less money available for the other creditors. The trustee has expended his time preparing for final distribution of the assets of the estate. The Bank has not been diligent in waiting until receipt of the trustee's final report to assert setoff rights. And see *In re Ratka,* 144 B.R. 94, 96 (Bankr.N.D.Iowa 1992) (objection to final claims report not a timely assertion of unsecured claim). The Bank's delay was not an excusable oversight.

The court finds that the objection of the SBA to the trustee's Final Report and Report on Claims has been resolved, and that the objections of Jean Gehrke and Security Bank are overruled. The reports will be approved.

### ORDER

IT IS ORDERED that the trustee's Final Report and Account, as modified by the distribution scheme attached to the Amended Report on Claims, will be approved by separate order to be submitted by the U.S. Trustee.

SO ORDERED.