**In re Dennis A. & Donna M. GRANNAN, Debtors.**

**United States of America, Plaintiff,**

v.

**David R. Ruby, Trustee, Defendant.**

**Bankruptcy No. 01–51154–S.
Adversary No. 01–5043–S.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

March 21, 2002.

Donna J. Hall, Troutman Sanders Mays & Valentine, LLP, Norfolk, VA, for The Old Point National Bank of Phoebus.

W. Greer McCreedy, II, Kellam, Pickrell, Cox & Tayloe, Norfolk, VA, for debtors.

David R. Ruby, McSweeney, Burtch & Crump, P.C., Richmond, VA, trustee.

Melvin R. Zimm, Glasser and Glasser, PLC, Norfolk, VA, for Bank of America, N.A.

## MEMORANDUM OPINION AND ORDER

STEPHEN C. ST. JOHN, Bankruptcy Judge.

On April 25, 2001, Dennis A. & Donna M. Grannan ("debtors") filed for bankruptcy protection under Chapter 7 of Title 11 of the United States Code, and David R. Ruby was appointed Trustee. The uncontested facts indicate that prior to filing for bankruptcy, on April 9, 2001, Dennis Grannan asked for a "quick assessment" for trust fund liability for unemployment taxes of his business for the 2nd quarter of 2000. Then on April 15, 2001, the debtors filed a 2000 income tax return and 1998 amended income tax return, thereby claiming a refund of $ 52,336. On April 19, 2001, the Internal Revenue Service assessed the trust fund liability and issued the refund checks on May 21–22, 2001. The debtors sent these tax refund checks to the Trustee on June 18, 2001, and the Trustee refused to turn them over to the Internal Revenue Service through a letter written on June 26, 2001. Thus, Gregory Stefan, Assistant United States Attorney and Jason Zarin, Trial Attorney, Tax Division, United States Department of Justice, for the Internal Revenue Service ("IRS") filed on July 27, 2001, this adversary proceeding to Recover Money held by the Trustee.

At the pretrial conference held on October 12, 2001, both parties expressed an intention to file motions for Summary Judgment, which both Clara Swanson, counsel for David Ruby, Chapter 7 Trustee ("Trustee") and the IRS, filed on January 10, 2001. Pursuant to these motions, this Court held a Summary Judgment hearing where it addressed whether or not the Internal Revenue Service can waive its right to offset a certain tax refund with certain outstanding tax liabilities. This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 on such issues.

Summary Judgment under Rule 56(c) is appropriate if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hinkleman v. Shell*

675

*Oil Co.*, 962 F.2d 372, 375 (4th Cir.1992). Rule 56 is incorporated into the procedures of the United States Bankruptcy Courts pursuant to Federal Rule of Bankruptcy Procedure 7056. In order to defeat Summary Judgment, the nonmoving party must demonstrate through pleadings with affidavits, depositions, interrogatories or other evidence there is a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

■ All facts and inferences to be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505. To determine what facts are material to the outcome of the present matter, *McCarty v. Nat'l Bank of Alaska, N.A. (In re United Marine Shipbuilding)*, 158 F.3d 997 (9th Cir. 1998),[1] offers guidance to this Court. Through its thorough analysis of the case law in this area, it decided a waiver of setoff may arise when "the creditor released the funds against which the setoff could be made before asserting any right of setoff, in court or otherwise." *In re United Marine Shipbuilding*, 158 F.3d at

1002 (citing *In re Gehrke*, 158 B.R. 465 (Bankr.N.D.Iowa 1993); *In re Cloverleaf Farmer's Co-Operative*, 114 B.R. 1010 (Bankr.D.S.D.1990); *In re Royal Crown Bottling Co. of Boaz, Inc.*, 29 B.R. 52 (Bankr.N.D.Ala.1981)). Or a creditor may waive the right of setoff by taking affirmative actions, which are inconsistent with its prior assertion of the right of setoff. *Id.* (citing *In re Holder*, 182 B.R. 770 (Bankr. M.D.Tenn.1995)).

■ Both parties in the present case assert there is no dispute of material facts; however, this Court takes judicial notice of the debtor's schedules and thus it must consider such facts contained within them.[2] Schedule B lists a Federal loss carryback refund and states such refund is subject to setoff for tax liabilities. Furthermore, the debtors represented in Schedule D the Federal loss carryback refund is subject to setoff by the Internal Revenue Service. Thus, such schedules may indicate a genuine issue of material fact about whether the Internal Revenue Service asserted its right to setoff before disbursing the tax refund at issue, and the Court should receive evidence at trial as to the course of conduct between the debtor and the Internal Revenue Service prior to such disbursement.

---

1. The United States Bankruptcy Court for the Eastern District of Virginia addressed the present issue in *United States Fid. & Guar. Co. v. Lanny Jones Welding & Repair, Inc. (In re Lanny Jones Welding & Repair, Inc.)*, 106 B.R. 446, 449 (Bankr.E.D.Va.1988). In that case the court arguably stated a broader principle than *In re United Marine Shipbuilding*, by asserting the disbursement of funds did not extinguish the IRS's setoff claim; however, the facts demonstrate the IRS asserted its right to setoff before the Federal Aviation Administration disbursed funds to the debtor, and thus, *In re Lanny Jones Welding & Repair, Inc.'s* and *In re United Marine Shipbuilding's* holdings are consistent. To say that *In re*

*Lanny Jones Welding & Repair, Inc.* held the IRS can never waive its right to setoff is inconsistent with the facts of that case where the right to setoff was asserted prior to disbursement.

2. This Court is unable to consider the statements asserted by W. Greer McCreedy, II. debtor's attorney, at the Summary Judgment hearing since such evidence was not properly before the Court, although such facts may indicate an assertion by the Internal Revenue Service of its right to offset prior to the refund disbursement, which may be a material fact.

ACCORDINGLY, the Trustee's motion for Summary Judgment is hereby DENIED.

FURTHERMORE, the IRS's motion for Summary Judgment is DENIED.

IT IS SO ORDERED.