## AIR ATLANTA, INC.

v.

## NATIONAL BANK OF GEORGIA, INC. (Two Cases).

Civ. Nos. C87–1345, C87–1704.
Adv. No. 87–0182A.
Bankruptcy No. 87–02530–WHD.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 25, 1987.

William L. Norton, Jr., John C. Pennington, George M. Geeslin, Norton, Pennington, Goetz, Cronkright & Prior, Atlanta, Ga., for plaintiff.

Richard G. Murphy, Jr., Thomas M. Byrne, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendant.

Donald Walton, Office of the U.S. Trustee, Atlanta, Ga.

## ORDER

ORINDA D. EVANS, District Judge.

These bankruptcy actions are before the court on Appellant Air Atlanta's appeal of the bankruptcy judge's order of May 6, 1987, wherein the bankruptcy court denied Appellant's motion to require a creditor, the National Bank of Georgia (NBG) to turn over certain funds to the trustee, and Air Atlanta's appeal of an order dated June 2, 1987, 74 B.R. 426, wherein the bankruptcy court permitted NBG to set off Air Atlanta's bank deposits against a debt owed by Air Atlanta to the bank.

Air Atlanta filed a voluntary petition under Chapter 11 of the Bankruptcy Code on Friday, April 3, 1987. On that afternoon, NBG learned of the filing and refused to honor any checks drawn by Air Atlanta on its NBG accounts. This was accomplished by placing an "administrative freeze" on all Air Atlanta's accounts.

As of the date the petition was filed, Air Atlanta owed NBG in excess of $333,333, and Air Atlanta had demand deposit accounts with NBG totaling $276,398.16. On the next business day, Monday, April 5, 1987, NBG filed a motion for relief from the automatic stay to permit set off. NBG

sought the bankruptcy court's permission, as required by 11 U.S.C. § 362(a), to set off the amounts NBG owed Air Atlanta under the demand deposit accounts against the amounts Air Atlanta owed NBG. Almost simultaneously Air Atlanta filed a complaint under 11 U.S.C. § 542 seeking to compel NBG to turn over to Air Atlanta, as debtor in possession, the money contained in its bank accounts. Air Atlanta also claimed that NBG's administrative freeze of Air Atlanta's deposits constituted a willful violation of the automatic stay under 11 U.S.C. § 362(a)(3).

The bankruptcy court held hearings on both issues, and ruled against Air Atlanta. The bankruptcy court determined that the imposition of an administrative freeze on bank deposits does not violate the automatic stay; that under § 542(b) a creditor does not have to turn funds over to the debtor-in-possession when such funds are to be used to set off a debt which existed prior to filing of the petition; and that NBG was entitled to such a set off.

There is a split in authority on whether an administrative freeze of bank deposits constitutes a violation of the automatic stay. The Eleventh Circuit has not yet addressed the issue. Having examined the record, the briefs of the parties, and the relevant authorities, the court is of the opinion that the approach used by the bankruptcy court in this case is the correct one, i.e., that an administrative freeze does not constitute a violation of the stay in these circumstances. The court will therefore affirm the bankruptcy court's orders of May 6 and June 2, 1987, on the basis of the detailed and well-reasoned order entered by Judge W. Homer Drake on June 2, 1987. However, the court will address three minor issues, raised by the Appellant in its brief, which were not directly addressed in that order.

First, Air Atlanta contends that NBG acted wrongfully in refusing to honor checks presented for payment after NBG learned of Air Atlanta's bankruptcy petition. This is incorrect. § 542(c) of the Bankruptcy Code codifies the holding of

the United States Supreme Court in *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). That code section now protects a bank which transfers a debtor's property to third persons, *e.g.,* by cashing checks, if the transfer is made without notice of the bankruptcy filing, and made in good faith. However, by implication, the opposite is also true; if the bank transfers property of the estate after it receives notice of the filing of a bankruptcy petition, it does so at its own peril, because doing so violates the requirement of § 542 that all property of the bankrupt estate be immediately turned over to the trustee or debtor in possession. *In re Hoffman,* 51 B.R. 42 (Bankr.W.D.Ark.1985); *In re Williams,* 61 B.R. 567 (Bankr.N.D.Tex. 1986). As the court in *Williams* noted, "Accordingly, a bank is now under an obligation to refuse payment of checks that are presented to the bank after the date of filing of the petition where the check was drawn before the date of filing." *Williams,* 61 B.R. at 574, n. 7.

Appellant also contends that allowing an administrative freeze and set off has ruined the company's chances of reorganizing. The factual contentions underlying this contention are not ripe for review at this point. However, assuming that these contentions are true, the court still finds that the decision of Judge Drake represents the better-reasoned position. It is true that those courts which have disallowed administrative freezes have done so largely on the grounds that allowing an administrative freeze and subsequent set off of bank deposits does jeopardize the debtor's ability to reorganize rather than liquidate. However, given the clear preference which the Bankruptcy Code allows creditors their regarding set off rights, the court is not at liberty to avoid such harsh results.

Finally, Appellant seeks to remand the case on grounds that the bankruptcy court did not "hear any evidence or allow argument" on Air Atlanta's position. After thoroughly examining the transcript of the hearing, the court concludes that Air Atlanta had an adequate opportunity to present its position.

Based on the foregoing as well as the bankruptcy court's order of June 2, 1987, the court rules in favor of NBG on both appeals. The bankruptcy court's orders of May 6, 1987 and June 2, 1987 are AFFIRMED.