**In re Antonio PIMENTAL, Jr., Patricia Pimental, Debtors.**

**Bankruptcy No. 91–13187.**

United States Bankruptcy Court, D. Rhode Island.

June 17, 1992.

---

Christopher M. Lefebvre, Pawtucket, R.I., for debtors.

William Corcoran, Corcoran, Peckham & Hayes, Newport, R.I., for Bank of Newport.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the motion of the Debtors, Antonio and Patricia Pimental, to adjudge the Bank of Newport in contempt for an alleged willful violation[1] of the automatic stay, 11 U.S.C. § 362. Upon consideration of the oral and written arguments of the parties, and based on the record before us, we find that the Bank of Newport's (temporary) refusal to provide the Debtors access to their checking account was not a violation of 11 U.S.C. § 362.[2]

The Bank of Newport (the "Bank") has a standing policy that upon notice that a checking account customer has filed for bankruptcy under Chapter 7, the funds on deposit are held for the benefit of the Trustee, or released upon verification that such funds are exempt property. This is done to maintain the status quo until a determination is made as to whether the funds in the account are properly claimed as, and determined to be, exempt and not property of the bankruptcy estate.

The facts, briefly stated, are as follows: On December 3, 1991, the Pimentals filed a joint Chapter 7 petition in this Court. Upon notice of the Chapter 7 filing, and in accordance with its aforestated policy, the Bank refused the Pimentals access to their joint checking account, and dishonored their post-petition checks. The Bank stresses that the Chapter 7 Trustee never responded to telephone calls from its (Bank's) attorney,[3] and that Debtors' counsel failed to respond to the Bank's request for verification that the funds were properly allowed as exempt, until January 29, 1992, at which time the Bank promptly removed the freeze and afforded the Debtors access to their account.

---

1. We are not asked to decide whether there has been a mere technical violation of § 362, and therefore do not address that issue. This dispute is fact-driven, and our ruling herein is confined to the facts of the case.

2. The Debtors allege that the Bank imposed an "automatic freeze" on their account upon the filing of their Chapter 7 petition. The Bank's position on this point is not entirely clear. In its responding papers, the Bank states that the checking account was not "frozen," but at all relevant times remained accessible to the Chapter 7 Trustee in his capacity as administrator of the Debtors' bankruptcy estate. However, at oral argument the Bank (through counsel) appeared to concede that the account had been frozen. Because of our finding below that the Bank's motivation was solely to maintain the status quo pending confirmation of a properly claimed exemption, this inconsistency is irrelevant.

3. We note our disapproval of the Chapter 7 Trustee's failure to respond to the Bank's inquiry, since even an informal recognition of the Debtors' claim of exempt property would have satisfied the Bank, and would have eliminated the need for the ensuing pleadings, hearing, and court time required to dispose of this time consuming litigation. That this may be a no asset case is no reason for trustees to ignore the legitimate inquiries of parties, creditors, or stakeholders, such as Bank of Newport. Attendance to such details is part of the trustee's job.

The Debtors contend that the actions of the Bank constituted a violation of Bankruptcy Code § 362(a)(3), which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." In addition, the Debtors contend that by depriving them of their checking account funds, the Bank's conduct caused them to suffer humiliation and embarrassment, and that as a result they are entitled to attorneys' fees and costs for prosecuting the present motion, as well as "punitive damages and further sanctions ... allowable under 11 U.S.C. § 362(h) and § 105."

The Bank denies that it acted willfully in refusing the Debtors' access to their account, and further responds that it has an obligation to preserve the funds of Chapter 7 debtors, pending confirmation that said funds are properly claimed and allowed as exempt, and not deemed property of the bankruptcy estate. In support of this position, the Bank relies upon 11 U.S.C. § 541, which provides that:

> (a) The commencement of a case under section ... 302 [joint cases] ... of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

The Bank reminds us that, pursuant to this statute, upon filing a Chapter 7 petition the debtor is automatically "divested of virtually all property interests held as of the commencement of the case and, in turn, these interests immediately vest in the estate." *Commercial Credit Business Loans, Inc. v. Northbrook Lumber Co.*, 22 B.R. 992 (N.D.Ill.1982). As a result, the debtor loses title to and is prohibited from using estate assets for any purpose. 11 U.S.C. §§ 541–543; *In re Dervaes*, 81 B.R. 127 (Bankr.S.D.Fla.1987). Therefore, when Debtors filed their Chapter 7 petition, the funds on deposit with the Bank of Newport became property of the estate, and did not revert to the Debtors until said funds were properly claimed and allowed as exempt property. This, the Bank suggests, imposes (by operation of law) a requirement that it act as interim custodian, or stakeholder, over any funds in the Debtors' bank account.

■ It is well established that upon the filing of a bankruptcy petition, an estate is created which consists of all the debtor's legal and equitable interests in property, wherever located and by whomever held. 11 U.S.C. § 541(a). Included within the extensive scope of § 541(a), are funds on deposit in a debtor's savings or checking accounts. *See Homan v. Kemba Cincinnati Credit Union (In re Homan)*, 116 B.R. 595, 599 (Bankr.S.D.Ohio 1990) (citing *Staats v. Meade (In re Meade)*, 84 B.R. 106, 108 (Bankr.S.D.Ohio 1988) (other citations omitted)).

■ However, it is also clear that the filing of a bankruptcy petition immediately activates the automatic stay.[4] *See* 11 U.S.C. § 362(a). The so-called "automatic stay" provision of the Bankruptcy Code prohibits *inter alia*, "any act to ... exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This includes the placing of an administrative freeze or hold over property of the debtor's estate. *See Small Business Administration v. Rinehart*, 887 F.2d 165, 168 (8th Cir.1989); *First Connecticut Small Business Investment Company v. Bank of Boston Connecticut (In re First Connecticut Small Business Inv. Co.)*, 118 B.R. 179, 181 (Bankr.D.Conn.1990).

■ In support of their request for sanctions, the Debtors rely upon *In re Homan*, 116 B.R. 595, which held that a credit union's placing of an administrative freeze on a Chapter 13 debtor's bank account (where it also claimed a potential secured claim as a result of an alleged right of setoff) violated the automatic stay, § 362(a)(3). The Bank distinguishes *Homan* from the instant controversy on the basis that *Homan* involved a Chapter 13 debtor who retained

---

**4.** Neither party has suggested that this dispute falls within one of the exceptions to the applicability of the automatic stay. *See* 11 U.S.C. § 362(b).

possession and control over his bank account, as opposed to these Chapter 7 Debtors, whose title to their former property vested in the Trustee upon his appointment.

We agree with the Bank's position, and rule that *In re Homan* is distinguishable on that ground, as well as on the additional basis that the credit union in *Homan* was impermissibly attempting to claim a right of setoff as to the deposited funds. Here, the Bank does not claim a right of setoff against the account funds, but instead was acting in good faith to preserve the status quo, for the benefit of all creditors, pending verification as to whether the deposited funds were deemed property of the estate, or exempt property.

Accordingly, for the foregoing reasons, the Debtors' Motion to Hold Bank of Newport in Contempt, and their request for sanctions, are DENIED.