**In re Norman E. JEFFERSON, Debtor.**

**Norman E. JEFFERSON, Plaintiff,**

v.

**G. FOX and Filene's (Divisions of May Department Stores Company), Defendants.**

Bankruptcy No. 92–10879.
Adv. No. 92–1093.

United States Bankruptcy Court, D. Rhode Island.

Sept. 14, 1992.

---

George M. Prescott, Lincoln, R.I., for debtor/plaintiff.

Jeffrey S. Michaelson, Michaelson & Michaelson, Providence, R.I., for defendants.

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the Defendant's Motion to Dismiss the Plaintiff's Complaint, pursuant to Fed.R.Bankr.P. 7012(b), incorporating by reference Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

In ruling upon a motion to dismiss, the Court is required to accept the well-pleaded factual allegations of the complaint as true, and to deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). With this standard in mind, we consider the averments of the Plaintiff's Complaint:

Count I alleges a violation of the automatic stay, § 362(a)(6), which prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." Plaintiff alleges that the Defendant[1] violated this code section by soliciting the Debtor's reaffirmation of a prepetition unsecured debt, in exchange for the extension of further credit. Specifically, the Debtor avers that "[s]uch solicitations violate the automatic stay provisions of the Bankruptcy Code contained in 11 U.S.C. § 362(a)(6)."

■ Although the Debtor asserts that the solicitation was made both "through his counsel, and directly to him," our examination of the operative document, a letter dated May 1, 1992, belies this allegation. The letter is addressed to Debtor's counsel, with a copy mailed to the Debtor. We rule, in the context of this decision, that the Debtor's receipt of a copy of a letter sent to his attorney does not constitute a "direct" contact by the Defendant, but is merely informational, or an indirect communication at best. Accordingly, we cannot regard this allegation in the Plaintiff's Complaint as "well-pleaded," and it is therefore disregarded for the purpose of our ruling herein.

Count II of the Complaint incorporates by reference the allegations in Count I, and further alleges that as a result of this solicitation "Jefferson [the Debtor] suffered upset, nervousness, confusion, and trauma upon receipt of the solicitations of Fox and Filene's."

Count III similarly incorporates the averments of Count I, and alleges that these solicitations "created a likelihood of confusion or of misunderstanding on the part of Jefferson." In addition, Count III alleges

---

**1.** The Defendant, May Department Stores Company, does business under a variety of retail names, in this case as "G. Fox" and "Filene's."

For purposes of this decision, we will refer to the Defendant as "Filene's," in the singular, grammatical sense.

that this conduct constitutes a violation of "the provisions of the Rhode Island Unfair Trade Practice and Consumer Protection Act," R.I.Gen.Laws §§ 6–13.1–1 *et seq.*

Count IV seeks to create a class action for "*other Debtors in this Judicial District who are similarly situated to Jefferson in that they have received solicitations from Fox and/or Filene's to reaffirm unsecured debts in exchange for a further extension of credit, in violation of 11 U.S.C. § 362(a)(6).*"

Accepting the *well-pleaded* allegations of the Complaint as true, the issue before us boils down to whether the act, by a creditor, of contacting debtor's counsel for the purpose of obtaining the reaffirmation of an unsecured debt, states a claim upon which relief can be granted. For the reasons given below we conclude that such conduct is not actionable, and therefore, we grant the Defendant's Motion to Dismiss.

## DISCUSSION

Likely as a result of the increasing number of consumer bankruptcies filed in Rhode Island in recent years, the subject of reaffirmation, as well as other consumer related bankruptcy issues are "hot topics" in this jurisdiction, judging by the recent deluge of similar complaints and motions. *See In re Flynn,* 143 B.R. 798 (Bankr. D.R.I.1992); *In re Pimental,* 142 B.R. 26 (Bankr.D.R.I.1992) These issues also appear to be receiving widespread attention in other courts. *See In re Briggs,* 143 B.R. 438 (Bankr.E.D.Mich.1992); *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81 (3rd Cir.1988); *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n,* 804 F.2d 1487 (9th Cir. 1986), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987).

Accordingly, once again [2] in an effort to balance the needs and rights of debtors and creditors in bankruptcy, we are called upon, this time, to discuss the appropriate procedure to be followed by parties involved in the reaffirmation process, in a bankruptcy context.

As indicated, the Debtor's Complaint centers around the allegation (derived from a letter dated May 1, 1992, from a representative of Filene's) [3] that a creditor's solicitation by mail, directed to Debtor's counsel, regarding the reaffirmation of a dischargeable debt violates § 362(a)(6) of the Bankruptcy Code. Of particular importance to our decision today, is the *nature* of the communication sent by Filene's to Debtor's counsel. Attached as Exhibit A to the Debtor's Memorandum Opposing the Motion to Dismiss is a copy of the May 1, 1992 letter. For convenience, we restate it here, in pertinent part:

Dear Mr. Prescott,

We have recently learned that your clients financial situation has necessitated their filing bankruptcy. Mr. Jefferson has been a valued customer of Filene's and we have a solution that would allow your client to retain their Filene's account.

If your client reaffirms their Filene's account, we offer the following:

1. Filene's will "GUARANTEE" your client a new charge account once this balance is satisfied.

2. We will offer a repayment schedule that will fit into your clients budget.

3. Filene's will not add any interest to this reaffirmed amount.

By reaffirming this account, with the major New England Credit Grantor, it will be beneficial when re-establishing their credit worthiness.

In order for us to honor this offer, we request that you and your client discuss the enclosed agreement. Please contact me with your decision or return the signed agreement within two weeks to ensure filing with the court.

The Debtor argues that it is the mailing of this letter (with copy to Jefferson) which

---

**2.** *See In re Flynn,* 143 B.R. 798 (discussion regarding administrative freeze of debtor's account and reaffirmation).

**3.** We consider this letter part of the record in deciding this motion to dismiss, as it was attached to the Plaintiff's pleading opposing the motion. *See In the Matter of Wade,* 969 F.2d 241 (7th Cir.1992).

violates § 362(a)(6). Accordingly, we begin our analysis by considering this code section, which provides that the filing of a petition in bankruptcy operates as a stay of:

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(6).

The question whether the solicitation by a creditor of the reaffirmation of a dischargeable debt is encompassed within, or constitutes a violation of § 362(a)(6) has been the subject of considerable litigation. *See In re Briggs*, 143 B.R. 438 (Bankr. E.D.Mich.1992); *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81; *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n*, 804 F.2d 1487.

However, our review of the cases that have considered this issue indicates a fairly uniform pattern of results: that mere requests for payment are not barred by § 362(a)(6), *absent coercion or harassment* by a creditor. *See In re Briggs*, 143 B.R. at 452; *Morgan Guaranty*, 804 F.2d at 1491; *In re Sechuan City, Inc.*, 96 B.R. 37, 43 (Bankr.E.D.Pa.1989); *Brown*, 851 F.2d at 85. Put another way, these disputes are definitely fact-specific.

Just last month we decided *In re Flynn*, 143 B.R. 798, where we held that a credit union's direct telephone contact with the Debtor, knowing that she was represented by counsel, and where said contact was for the express purpose of *coercing* a reaffirmation, was a sanctionable violation of § 362(a)(6). There, we noted that less intrusive means were available to the credit union, the most appealing of which was the transmission of a letter to Debtor's attorney, with a copy to the Debtor.

■ Not more than two months ago, the Bankruptcy Court for the Eastern District of Michigan, in a seventy-two page opinion, considered the very issue now before us. *In re Briggs*, 143 B.R. 438. We are in general agreement with Judge Spector's in-depth interpretation of this code section, vis-a-vis reaffirmation attempts by pre-petition creditors. Moreover, we specifically agree with, and adopt herein by reference, his conclusion that:

> If subsection (a)(6) is construed as prohibiting any actions by the creditor aimed at obtaining the debtor's consent to repay a prepetition debt, then the creditor's ability to negotiate reaffirmation agreements is essentially destroyed.... an interpretation of § 362(a)(6) which prevents creditors from negotiating reaffirmation agreements would significantly impair the bankruptcy process. A deeply rooted principle of American jurisprudence is to favor settlement and, conversely, to discourage litigation. (citations omitted) ... A strict interpretation of subsection (a)(6) would have the opposite effect: Creditors would be chilled from engaging in (let alone initiating) reaffirmation discussions, preferring instead to proceed immediately with "plan B"—whether that be a § 523 action, repossession of collateral, or some other alternative.... In short, a literal interpretation of § 362(a)(6) creates tension between that subsection and other provisions of the Code, and suffers from terminal impracticality.

We also join with Judge Spector in holding that "a creditor does not violate § 362(a)(6) simply by attempting to obtain a debtor's consent to repay an indebtedness." *Id.* at 452.

■ Having said this as dictum, however, the matter before us need go no further. Based upon the (well pleaded) facts alleged by the Debtor, there is no reason or need to use the test formulated by Judge Spector to determine whether this creditor has stepped over the threshold of reasonable versus unreasonable behavior.[4] Here, Filene's letter to Debtor's coun-

---

**4.** In his decision, Judge Spector articulates a novel test for determining whether § 362(a)(6) has been violated: (1) whether the action by the creditor could reasonably be expected to have a significant impact on the debtor's determination as to whether to repay, and (2) is contrary to what a reasonable person would consider to be fair under the circumstances. This two-prong

sel is exemplary of the type of communication we deem acceptable in negotiating a reaffirmation agreement. In fact, we find the tenor and form of the letter to be a worthy prototype of appropriate conduct in these circumstances. The language contained in the letter is neither threatening, coercive nor offensive. *Cf Brown,* 851 F.2d at 86. It simply informs the Debtor that an offer to reaffirm is being extended by the creditor, and on what terms.

■ As pointed out in *In re Briggs,* neither the creditor nor the debtor is under an obligation to reaffirm a debt, and either may condition such reaffirmation as it chooses, within the confines of the law *and* reasonableness. *Id.* at 460. ("[w]hile the Code emphasizes that a reaffirmation agreement must be 'voluntary' on the debtor's part, see § 524(c) and (d), it is also clear that a creditor need not consent to such an agreement unless the terms are acceptable to it.") The reaffirmation process is but another potential lender-borrower relationship, and both parties are free to negotiate, or to not negotiate.

■ We also wish to emphasize here that there is nothing intrinsically wrong with the initiation by creditors of the reaffirmation process in bankruptcy, provided it is done reasonably and without harassment or coercion. By this, we agree with Judge Spector that a creditor may not "solicit voluntary repayment with impunity", *Id.* at 452. Obviously, what particular actions are permitted and which are not can only be decided on a case by case basis. On today's facts, however, we rule that the Defendant did not violate § 362(a)(6) by mailing the subject letter to Mr. Prescott, with a copy to the Debtor, soliciting the reaffirmation of a dischargeable debt.

Accordingly, for all of the foregoing reasons, the Defendant's Motion to Dismiss is GRANTED. Specifically, we DISMISS Counts I, II, III and IV to the extent that they allege a violation of 11 U.S.C. § 362(a)(6). In addition, for the reasons

analysis focuses on the subjective, as well as the objective examination of the creditor's actions. However, while Judge Spector has tried in earnest to enunciate a more easily applied test

given by the Defendant in its Memorandum of Law in Support of the Motion to Dismiss, we also DISMISS the remainder of Count III which alleges a violation of R.I.Gen.Laws 1956 (1985 Reenactment) §§ 6–13.1–1 *et seq.*

Enter Judgment consistent with this opinion.

under this section, this Court has not found it any easier to apply than the traditional "harassment and coercion" standard.