Alfred J. SOUSA and Patricia A. Sousa, Appellants,

v.

BANK OF NEWPORT, Appellee.

Civ. A. No. 93–0584P.
Bankruptcy No. 93–12011.

United States District Court,
D. Rhode Island.

March 24, 1994.

Christopher M. Lefebvre, Pawtucket, RI, for appellants.

William W. Corcoran, Newport, RI, for appellee.

### ORDER

PETTINE, Senior District Judge.

The Report and Recommendation of United States Magistrate Judge Timothy M. Boudewyns filed on February 7, 1994 in the above-captioned matter is hereby accepted pursuant to 28 U.S.C. § 636(b)(1).

SO ORDERED.

### Report and Recommendation

BOUDEWYNS, United States Magistrate Judge.

This appeal is before the Court for review of the Bankruptcy Court's denial of a motion requesting sanctions for the Bank of Newport's alleged intentional and willful violation of the automatic stay imposed when a Chapter 7 bankruptcy is filed. Based on the following reasons, I recommend the appeal be denied.

### Facts

On July 17, 1993 the Sousa's filed for Chapter 7 protection in the United States Bankruptcy Court for the District of Rhode Island. Included in the schedule of assets were funds held in a checking account at the Bank of Newport ("the Bank"). The Sousa's claimed the funds were exempt from inclusion in the bankruptcy estate.

On August 6, 1993, the Bank of Newport notified the Sousa's that a hold was placed on the account until evidence was provided to show the funds were exempt from inclusion in the bankruptcy estate. A letter from the trustee in bankruptcy or from the Sousas' attorney would be sufficient evidence. The Bank claims the hold was not placed to set-off any debts the Sousa's owed the Bank. Rather, the Bank placed the freeze to determine whether the checking account should be controlled by the bankruptcy trustee or the Sousa's.

The Sousa's were denied access to the account for seven days and incurred service charges for returned checks. The Sousa's filed a motion for the imposition of sanctions against the Bank alleging the Bank's placement of the administrative freeze constituted a willful and/or intentional violation of the automatic stay provision of 11 U.S.C. § 362. The Bankruptcy Court denied the motion.

### Discussion

The district courts of the United States have jurisdiction to hear an appeal from an order entered by a bankruptcy judge.[1] A district court may set aside a bankruptcy court's factual findings only when clearly erroneous.[2] Questions of law, however, must be considered de novo.[3]

---

1. 28 U.S.C. § 158(a).

2. Bankr.R. 8013; See Acacia Mutual Life Ins. Co. v. Perimeter Park Inv. Assocs. (In re Perimeter Park Inv. Assocs.), 616 F.2d 150, 151 (5th Cir.1980); First Software Corp. v. Computer Assocs. Int'l., Inc. (In re First Software Corp.), 107 B.R. 417, 420 (D.Mass.1989).

3. In re Pizza of Hawaii, Inc., 40 B.R. 1014, 1015 (D.Haw.1984), aff'd 761 F.2d 1374 (9th Cir. 1985); First Software Corp., 107 B.R. at 420.

■■■ Upon filing a petition in bankruptcy, an estate is created that includes all legal or equitable interests of the debtor in property wherever located and by whomever held.[4] This estate includes funds held in a checking or savings account.[5] Thus, when a person files a Chapter 7 petition, virtually all property interests of that person vest in the bankruptcy estate.[6] Filing for bankruptcy also engages an automatic stay that prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate."[7]

Thus, the question presented is whether the placement of a freeze on a debtor's bank account, that can be immediately lifted by notification to the Bank by the bankruptcy trustee or the debtor's own attorney, violates the automatic stay provision of the bankruptcy code. In answering this question, it is important to note that the Bank did not freeze the account to set-off any funds against prior debt the Sousa's owed the bank.

■■■ This Court agrees with Judge Votolato that the controlling factor in testing the validity of a bank's administrative freeze is the bank's reason for freezing the account. When a bank places an administrative freeze to preserve a right of set-off, the bank is exercising control over the bankruptcy estate without judicial approval. The bank is, in effect, claiming the funds properly belong to the bank. This action would constitute a violation of the automatic stay provisions of the bankruptcy code.[8]

However, when a bank freezes a bank account to allow time to determine the proper ownership of the funds, the bank is not exercising control over the property of the bankruptcy estate in violation of the automatic stay provision. Instead, the bank is "acting in good faith to preserve the status quo, for the benefit of all creditors, pending verification as to whether the deposited funds were deemed property of the estate, or exempt property."[9]

The facts here clearly support the Bank's claim that the Bank froze the Sousas' account to determine proper ownership. The facts do not indicate the Bank was attempting to use the funds as set-off against other debts the Sousa's owed the Bank. The Bank was willing to remove the freeze upon notification that the funds were not part of the bankruptcy estate. The notification could come from the bankruptcy trustee or from the Sousas' own attorney. The Bank's willingness to release the funds clearly demonstrates the Bank was not claiming ownership or control of the funds. Therefore, the Bank has not violated the automatic stay provisions and sanctions should not be imposed.

*Conclusion*

The Bank froze the Sousas' account to assist in the orderly administration of the Sousas' bankruptcy case and the bankruptcy process in general. The Bank was not exercising control over the bankruptcy estate in violation of the automatic stay of the bankruptcy code. The order of the Bankruptcy Court denying the Sousas' motion requesting sanctions against the Bank should be affirmed. The appeal should be denied.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten days of its receipt.[10] Failure to file specific objec-

4. 11 U.S.C. § 541.

5. *Homan v. Kemba Cincinnati Credit Union (In re Homan)*, 116 B.R. 595, 599 (Bankr.S.D.Ohio 1990).

6. *Commercial Credit Business Loans, Inc. v. Northbrook Lumber Co.*, 22 B.R. 992, 995 (N.D.Ill.1982).

7. 11 U.S.C. § 362(a)(3).

8. *Goodrich Employees Federal Credit Union v. Patterson (In re Patterson)*, 967 F.2d 505, 510 (11th Cir.1992).

9. *In re Pimental*, 142 B.R. 26, 29 (Bankr.D.R.I. 1992).

10. Rule 32, Local Rules of Court; Rule 72(b), FRCP.

tions in a timely manner constitutes a waiver of the right to review by the district court.[11]

February 7, 1994

. . . . .

11. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valen-* *cia–Copete,* 792 F.2d 4 (1st Cir.1986).