**In re Larry and Debbie TILLERY.**

**Bankruptcy No. 94–16044 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Feb. 8, 1995.

Matthew Fleming, Asst. U.S. Atty., Fort Smith, AR, for U.S., IRS.

Jack Dickerson, Hot Springs, AR, for debtor.

Al Tenney, Chapter 13 Trustee.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion to Lift Automatic Stay, filed on October 14, 1994, by the United States of America. The United States seeks relief from stay in order to exercise its setoff rights under section 362 of the Bankruptcy Code. The debtors resist the motion and allege that by retaining their federal income tax refund, the government has violated the automatic stay such that sanctions should be imposed. The parties submitted a joint stipulation of facts and separate briefs to the Court for determination of the issues.

This Chapter 13 case was filed on February 2, 1994, at which time a plan was submitted proposing to pay, in full, an unsecured priority debt to the United States for federal income taxes due for the 1992 taxable year. The debtors owe $1,863.86 in federal income taxes. The Internal Revenue Service is currently holding a refund due for the 1993 taxable year in the amount of $1,681.00. The debtors filed their 1993 federal income tax return on August 1, 1994. The United States filed its motion for relief from stay on October 14, 1994.

### The Right to Setoff Under Section 553

■ The primary issue for the Court is whether the United States is entitled to relief from stay in order to setoff the income tax refund for 1993 against the income tax debt owed for 1992. The debtors assert that the United States is not entitled to setoff the refund because the 1993 refund is not mutual and because there exists a confirmed plan under which the creditor will receive full payment on the debt.

■ Section 553 of the Bankruptcy Code preserves the right of setoff:

553. Setoff.

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that

(1) the claim of such creditor against the debtor is disallowed;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition; and

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a). Thus, in order to exercise its right to setoff, the United States must demonstrate:

(1) that the debt is mutual, i.e., that each party has the right, in his own name, to

collect against the other, in his own right. *In re Metco Mining and Minerals, Inc.,* 171 B.R. 210, 217 (Bankr.W.D.Pa.1994); *In re Glaze,* 169 B.R. 956, 964 (Bankr.D.Ariz.1994).

(2) the debt owing to the creditor arose before the bankruptcy case;

(3) the claim against the creditor arose before the bankruptcy case; and

(4) that the right to setoff exists under nonbankruptcy law. *See In re Whitaker,* 173 B.R. 359, 361 (Bankr.S.D.Ohio 1994); *see also In re Metco Mining and Minerals, Inc.,* 171 B.R. 210, 216 (Bankr.W.D.Pa.1994).

Each of these elements are met in this case. The right to setoff exists pursuant to 26 U.S.C. § 6402(a).[1] Secondly, the debts are between the same parties, in their individual capacities. Third, the debt owing to the United States is clearly a prepetition debt since it arose at the conclusion of the calendar year 1992. Finally, the funds held by the United States also constitute a prepetition debt inasmuch as the taxes became an obligation on December 31, 1993, the close of the tax year. *Lawrence v. Comm'r (In re Lawrence),* 19 B.R. 627 (Bankr.E.D.Ark. 1981) (Baker, J.); *Murry v. Comm'r (In re Murry)* 15 B.R. 325 (Bankr.E.D.Ark.1981) (Adams, J.); *Harbaugh v. United States (In re Harbaugh),* 89–2 U.S.T.C. (CCH) ¶9608, 1989 WL 139254 (W.D.Pa.1989), *aff'd,* 902 F.2d 1560 (3d Cir.1990); *Kalenze v. Federal Crop Ins. Corp. (In re Kalenze),* 175 B.R. 35 (Bankr.D.N.D.1994); *In re Thorvund–Statland,* 158 B.R. 837 (Bankr.D.Idaho 1993); *In re Ferguson,* 83 B.R. 676 (Bankr.E.D.Mo. 1988). Accordingly, each of the elements required for setoff under section 553 are met such that cause exists for relief from stay. *See Murry,* 15 B.R. at 326 (Bankr.E.D.Ark. 1981) ("This section clearly grants the United States an unqualified right to setoff an overpayment against any federal tax liability of the person who made the overpayment. The automatic stay provisions of 11 U.S.C. Sec-

tion 362 prevent the setoff from being made immediately, but no provision of the Bankruptcy Code eliminates the rights granted to the United States by the Internal Revenue Code."); *see also Wilson v. Internal Revenue Service (In re Wilson),* 29 B.R. 54 (Bankr. W.D.Ark.1982).

### The Effect of Plan Confirmation

The debtor argues that the United States may not setoff the refund against the tax debt because the chapter 13 plan, providing for full payment of the debt, has been confirmed. Section 553 states that "Except as otherwise provided in this section and in sections 362 and 363 of this title, *this title does not affect any right of a creditor to offset a mutual debt....*" "This title" necessarily includes section 1327 which establishes the effect of confirmation.[2] Thus, based upon the unequivocal language of section 553, confirmation does not alter a creditor's right to setoff. *In re Olson,* 1994 WL 1112, 1994 Bankr.Lexis 1901 (Bankr.D.Neb. Jan. 4, 1994); *In re Whitaker,* 173 B.R. 359 (Bankr. S.D.Ohio 1994); *see also Carolco Television Inc. v. National Broadcasting Co. (In re De Laurentiis Entertainment Group, Inc.),* 963 F.2d 1269 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992) (chapter 11).

This Court does not agree that there is any inequity in the rule that the creditor is entitled to setoff despite plan confirmation. As noted by Judge Adams in *In re Murry:*

> Not only is the Government's right of setoff supported by statute, but it is also the equitable solution in this situation. Any refund made to the plaintiff at this point would be a windfall to her. The plan proposed by the debtor-plaintiff in this proceeding is based upon the net income which she has at her disposal during the course of the year. Amounts which are deducted from her gross income are not

---

1. Section 6402(a) provides:

    (a) General Rule. In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall,

subject to subsections (c) and (d), refund any balance to such person.

2. Section 1327(a) states that the provisions of the confirmed Chapter 13 plan bind the debtor and each creditor, whether or not the plan provides for the claim of the creditor.

taken account of because it is assumed they are being used to cover current expenses. If, as in this case, the debtor's current tax liabilities are less than the amounts withheld from her wages, then the excess should be available to her creditors under the plan. If the 1980 overpayment is simply refunded to the debtor-plaintiff herein, she will receive a cash windfall with no additional obligation to her creditors other than to continue with her payments under the plan. It is clearly a fairer solution to allow the United States to retain the overpayment against its claim in the bankruptcy proceeding.

*Murry*, 15 B.R. at 326. The situation in the instant case is the same. Moreover, setoff may in fact be of benefit to the debtors and to some of the other creditors in this case. Upon setoff, the United States will have been paid in full,[3] thereby permitting earlier or larger installment payments to secured creditors or providing for a small payment to unsecured creditors. In this manner, the length of time required to pay the debts under the plan may be reduced, or, alternatively, more creditors may receive funds.

### The Administrative Freeze and the Automatic Stay

■ The debtors assert that the United States violated the automatic stay by retaining the refund even though it has not formally setoff the debt. It is not disputed that the United States may not setoff the debt until such time as relief from stay is granted. Indeed, that is the matter before the Court:

3. The debtors will still receive a small refund from the United States, if it has not already been remitted to them.

4. There is no motion for contempt or any other motion relating to a violation of the automatic stay pending before the Court. Although the debtors' response to the motion for relief indicates they believe sanctions are appropriate, counterclaims to motions for relief are not permitted. *See National Westminster Bank v. Ross*, 130 B.R. 656, 670 (S.D.N.Y.1991); *Hancock Bank v. Jefferson*, 73 B.R. 183, 185 (S.D.Miss. 1986).

5. *Small Business Administration v. Rinehart*, 887 F.2d 165 (8th Cir.1989) does not fall within this class of cases because, in *Rinehart*, the US Department of Agriculture had in fact taken action to setoff the funds by transferring funds from it

the United States Motion to Lift Automatic Stay in order to exercise its setoff rights.[4]

There is authority for the debtors' position, the Fourth Circuit having recently held that retention of funds by an "administrative freeze" is a violation of the automatic stay even though a motion for relief from stay is pending. *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155 (4th Cir.1994). *See B.F. Goodrich Employees Federal Credit Union v. Patterson (In re Patterson)*, 967 F.2d 505 (11th Cir.1992); *In re Flynn*, 143 B.R. 798 (Bankr.D.R.I.1992); *In re Rio*, 55 B.R. 814 (Bankr.M.D.Ala.1985).[5] This Court rejects the reasoning in *Strumpf* and the cases preceding it.

The reasoning in the *Strumpf* line of cases is based solely upon an interpretation of section 362, and ignores the import of sections 553, 542, and 506. Section 362 provides that the filing of the petition in bankruptcy operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" as well as a stay of "the setoff of any debt owing to the debtor." 11 U.S.C. § 362(a)(3), (7). There is no question that this section precludes a creditor from exercising a right to setoff. However, section 362 must not be read to nullify other provisions of the Bankruptcy Code.

■ Section 553, as discussed above, operates to preserve the right to setoff. The policy behind section 553 is to "prevent the possible injustice in requiring a creditor to file its claim for satisfaction in the bankrupt-

to the Small Business Administration. Indeed, in *Rinehart*, the agency itself characterized its actions as an offset. The Eighth Circuit further noted that an administrative freeze is a violation of the stay when the creditor "holds ... payments the debtor *is otherwise entitled to receive.*" *Id.* at 168 (emphasis added). If there is a right to setoff, there is not necessarily any right to receive the funds. Likewise, *United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756 (9th Cir. 1994) does not assist the debtors because, in that case, setoff was denied due to misconduct in claims court litigation. The Ninth Circuit expressly left undecided the issues of whether holding the funds pending determination of setoff rights was a violation of the automatic stay. *Id.* at 767 n. 11.

cy court, while at the same time compelling the same creditor to pay in full its debt to the bankruptcy estate." *In re Southern Industrial Banking Corp.*, 809 F.2d 329, 332 (6th Cir.1987).

Another provision of the Bankruptcy Code permits a creditor to hold the funds in which it has a right to setoff. As a general rule, upon the filing of a petition in bankruptcy, entities holding funds must turn that property over to the trustee. 11 U.S.C. § 542. Section 542(b) provides that an entity owing a debt that is property of the estate shall pay the debt to the trustee, *"except to the extent that such a debt may be offset under section 553 of this title* against a claim against the debtor." Thus, despite the imposition of the automatic stay, a creditor is not required to turnover property of the estate with regard to which a right of setoff exists. *Crispell v. Landmark Bank (In re Crispell )*, 73 B.R. 375, 379 (Bankr.E.D.Mo.1987) ("Moreover, since ... Section 542(b) permits such a creditor to except funds subject to the right of setoff from the requirement that property of the estate owed by the creditor to the debtor and payable on demand to debtor's account be turned over to the trustee, the Court also concludes that 'although the Code does not expressly provide for an administrative "freeze" by a creditor on an insolvent debtor's account, it is implied by a reading of sections 362(a)(7), 542(b) and 553.' ... Therefore, the Bank did not violate Section 362(a)(7) merely by imposing an administrative freeze on Debtors' account.").

Yet another provision of the Bankruptcy Code provides for a secured interest in funds in which the creditor has a right of setoff. Section 506 provides that "An allowed claim of a creditor ... that is subject to setoff under section 553 of this title is a secured claim ... to the extent of the amount subject to setoff." 11 U.S.C. § 506(a).

In *Strumpf*, the Fourth Circuit looked solely to the language of section 362, ignored the provisions of sections 506, 542, 553, and equated the distinct concepts of "freeze" and "setoff." Based upon the premise that an "administrative freeze" is the equivalent of setoff because both are acts to control property of the debtor, *Strumpf* is overly broad in its interpretation of section 362. Under the analysis of *Strumpf*, the moment a debtor files bankruptcy, any creditor holding funds of the debtor would be in violation of the automatic stay. Under this reasoning, the moment the creditor learns of the bankruptcy, it would be required to turnover the funds in its possession, nullifying the effect of both sections 553 and 542(b) of the Bankruptcy Code. While failing to immediately and voluntarily forward funds to the debtor may indicate that the creditor intends to seek setoff, that is no basis for determining that a creditor's intent to seek relief to which it is entitled is itself a violation of the automatic stay. Indeed, under the logic of *Strumpf*, the mere filing of a motion for relief from stay with regard to particular property could be considered a violation of the automatic stay because the creditor is not only evincing an intent to act with regard to the property, it is taking an action in furtherance of gaining control of the property. Since the Bankruptcy Code preserves the right to hold funds pending determination of the right to exercise setoff, a mere freeze under these facts is not a violation of section 362(a)(3).

Section 553 preserves the right of setoff. *Strumpf* repeals that section by equating two separate economic and legal concepts. An administrative freeze is nothing more than maintenance of the *status quo* because it merely preserves funds or balances in the same position as they were prepetition. Interest continues to accrue on the debt or credit. In the instant case, it means that a federal income tax refund is not produced from the IRS computer as a check payable to the debtors. Maintenance of the *status quo* is not, generally, a violation of the automatic stay. Specifically, a freeze on an account in which the creditor has a right to setoff is not a violation of the automatic stay, *In re Gifford*, 174 B.R. 231 (Bankr.W.D.Ky. 1994).

A setoff, in contrast, is an affirmative act crediting and debiting balances. *Raanes v. National Bank of South Dakota (In re Raanes )*, 17 B.R. 164, 166 (Bankr. D.S.D.1982). Setoff consists of three elements: (1) the decision to setoff; (2) an

action crediting and/or debiting accounts; and (3) a record verifying the action, *i.e.*, a bookkeeping entry or notice to a depositor. *Baker v. National City Bank of Cleveland*, 511 F.2d 1016, 1018 (6th Cir.1975); *Crispell v. Landmark Bank (In re Crispell )*, 73 B.R. 375, 379 (Bankr.E.D.Mo.1987). *Cf. Cherokee Carpet Mills, Inc. v. Worthen Bank & Trust Co.*, 262 Ark. 776, 561 S.W.2d 310 (1978) (facts noted setoff by the bank's actions in applying the balance to the indebtedness and informing the depositor of the setoff). Until such time as these steps are taken, a setoff does not exist. In the instant case, it is not even argued that a setoff has occurred. Accordingly, there is no violation of the stay under section 362(a)(7).

The idea that requiring a creditor to turnover funds in which it has a right of setoff "does not defeat the right to setoff, but merely stays its enforcement," indicates not only a misunderstanding of the statutory scheme, but also the concepts of security interests and setoff. In order to effect a setoff, in or outside of the bankruptcy context, the creditor need be holding the funds of the debtor. Once those funds are turned over, there can be no "setoff." *See In re Gehrke*, 158 B.R. 465, 468 (Bankr.N.D.Iowa 1993) ("Once the deposit is paid out, there is no longer a debt which the bank may offset against a debt the depositor owes the bank. Turnover to the trustee of the debtor's property precludes any subsequent claim of setoff by the creditor who had held the property."); *see also Strumpf* at 158 (debtor defeats setoff if the funds are removed). There is no method in the Bankruptcy Code by which the creditor can compel a debtor to return the entire amount of the funds in order to effect a setoff. Once those funds are in the hands of the debtor or trustee, the right to setoff is gone. The creditor has lost its lien, as provided by section 506, and, its right to setoff.

Section 362 was not intended to affect a creditor's substantive setoff rights. *See In re Murry*, 15 B.R. 325. However, that is the effect of decisions such as *Strumpf.*[6] While

the automatic stay precludes the creditor from taking action to effect an actual setoff, it is not meant as an evisceration of the right to setoff under section 553 or the ability to hold the funds under section 542(b). The holding in *Strumpf* contravenes the preservation of rights expressed in the plain language of sections 553, 542, as well as the policies underlying section 362 regarding maintenance of the *status quo* upon the filing of a petition in bankruptcy. This Court agrees with the well-reasoned cases that hold that an administrative freeze on funds in which the creditor has a good faith basis for asserting a right to setoff is not a violation of the automatic stay. These cases include *Bank of Am. Nat'l Trust and Sav. Ass'n v. Edgins (In re Edgins )*, 36 B.R. 480 (9th Cir. BAP 1984); *Air Atlanta, Inc. v. National Bank of Ga., Inc.*, 81 B.R. 724 (N.D.Ga.1987); *Kenney's Franchise Corp. v. Central Fid. Bank NA Lynchburg*, 22 B.R. 747 (W.D.Va.1982); *In re Gifford*, 174 B.R. 231 (Bankr.W.D.Ky. 1994); *Moreira v. Digital Employees Federal Credit Union (In re Moreira)*, 173 B.R. 965 (Bankr.D.Mass.1994) (including discussions of the statutory scheme and economic distinctions between setoff and freeze); *In re Lough*, 163 B.R. 586 (Bankr.D.Idaho 1994); *In re Pimental*, 142 B.R. 26 (Bankr.D.R.I. 1992); *In re Briggs*, 143 B.R. 438 (Bankr. E.D.Mich.1992); *United States v. Orlinski (In re Orlinski )*, 140 B.R. 600 (Bankr. S.D.Ga.1991); *R.H. Williams v. Am. Bank of Mid–Cities, N.A. (In re Williams )*, 61 B.R. 567 (Bankr.N.D.Tex.1986); *Craig Shackelford Farms, Inc. v. Portland Bank (In re Hoffman )*, 51 B.R. 42 (Bankr.W.D.Ark.1985); *In re Gazelle, Inc.*, 17 B.R. 617 (Bankr. W.D.Wis.1982); *Third National Bank in Nashville v. Carpenter (In re Carpenter )* 14 B.R. 405 (Bankr.M.D.Tenn.1981).

### Conclusion

Having established cause for relief from stay, *In re Orlinski*, 140 B.R. 600, 603 (Bankr.S.D.Ga.1991), the automatic stay will

---

**6.** *Strumpf* at least appears to recognize that it nullifies section 553. See *Strumpf* at 157 (noting that the bank "was unable to set off its loan because Strumpf had withdrawn all funds from his checking account after Citizens removed the administrative hold."); *Id.* at 158 (the debtor will "defeat the creditor's right of setoff by removing all funds in the creditor's possession before the creditor can obtain relief from the stay.").

be lifted in order for the United States to setoff the federal income tax refund for the 1993 taxable year against the debt owed to the United States for federal income taxes for the 1992 taxable year.

**ORDERED** that the Motion to Lift Automatic Stay, filed on October 14, 1994, by the United States of America is GRANTED.

**IT IS SO ORDERED.**