**In re Randy Eugene EPPERSON and Lisa Lynn Epperson.**

**SEARS, ROEBUCK AND CO., Appellant,**

v.

**Randy Eugene EPPERSON and Lisa Lynn Epperson, Appellees.**

**No. 4:92–CV–2331 CAS.**

United States District Court, E.D. Missouri, Eastern Division.

Oct. 6, 1995.

Timothy J. Mullin, St. Louis, MO, for Randy Eugene Epperson and Lisa Lynn Epperson.

Allen J. Bloom, St. Louis, MO, for Sears, Roebuck and Company.

Charles W. Riske, Trustee, Radloff and Riske, St. Louis, MO.

James S. Cole, Jr., Asst. U.S. Trustee, U.S. Department of Justice, St. Louis, MO.

## *MEMORANDUM*

SHAW, District Judge.

This matter is before the Court on an appeal by Sears, Roebuck and Co. ("Sears") from a final order entered in *Epperson v. Sears, Roebuck and Co.*, Adversary No. 92–4205–172 (Bankr.E.D.Mo. Oct. 6, 1992).

Randy and Lisa Epperson (the "Eppersons") filed a voluntary Chapter 7 bankruptcy petition on March 13, 1992. *In re Randy and Lisa Epperson*, No. 92–41499–172 (Bankr.E.D.Mo.). During the bankruptcy proceedings, the Eppersons brought an adversary action against Sears for violating the automatic stay imposed by the Bankruptcy Code upon the filing of a petition. *See* 11 U.S.C. § 362(a)(6). The bankruptcy court determined that Sears violated the automatic stay and ordered it to cease all attempts to directly contact or communicate with the Ep-

persons about the debt in question. Sears appeals the judgment of the bankruptcy court.

### Background.

The facts of this case are undisputed. Sears was one of the Eppersons' creditors. Although listed as an unsecured creditor in the Eppersons' bankruptcy schedules and statement of affairs, Sears was in fact a secured creditor. The Eppersons did not include a statement of their intention with respect to the debt they owed Sears in their schedules and statement of affairs. Thus, the Eppersons' bankruptcy filing did not accurately reflect the nature of the Sears debt.

During the pendency of the Eppersons' bankruptcy proceedings, Sears mailed the Eppersons' attorney a letter dated April 27, 1992 (the "Letter") with an attached reaffirmation agreement. At the same time, Sears sent a copy of the Letter to Lisa Epperson and to the bankruptcy trustee. The Letter indicated in the "cc" portion that the copy was sent to Lisa Epperson "[f]or information only". The Letter stated:

April 27, 1992

RE: Lisa Epperson

Bankruptcy No. 92–41499

Sears Account No.: 01 90158 42222 9

Dear Mr. Mullins:

We have been notified that your office is representing the above named debtor in Chapter 7 Bankruptcy proceedings.

Your client has a balance of $2001.65 on the Sears account.

Under the terms of the security agreement, Sears retains a purchase money security interest under the Uniform Commercial Code Section 9–302(1)(d) in the merchandise represented in the account balance including, but not necessarily limited to, the following items of consumer goods:

\*      \*      \*      \*      \*      \*

Sears is not required to file a UCC–1 Financing Statement to perfect this purchase money security interest in consumer goods and thus may take repossession of any items included in the account balance.

Section 521(2)(A) of the Bankruptcy Code provides that a statement of information as to secured merchandise must be filed within 30 days after the date of the filing of the petition. We have not as yet received a copy of this statement. As a secured creditor, we need to ensure that we are listed on the statement of intention and that we are informed as to your client's intention concerning this account. Under Section 704(3), the trustee must ensure that the debtor performs the stated intention.

Please advise us of your clients's (sic) intention as to this account:

A.   Return merchandise to Sears.

B.   Redeem merchandise, by making lump sum cash payment only.

C.   Sign reaffirmation agreement for the account balance, to be paid in monthly installments.

If your client should elect to reaffirm for the account balance, a line of credit in the amount of $2000.00 will be granted immediately to assist in the establishment of a favorable credit history.

Please contact this office to advise us of your client's intentions.

Very truly yours,
M. Roberts
Bankruptcy Representative

cc:   Trustee

Debtor (For information only)

Upon receiving the Letter, the Eppersons made a telephone call to Sears and advised the Sears representative that they had filed for bankruptcy. The discussion concerning the Eppersons' debt to Sears ceased at that time.

The Eppersons filed the adversary action claiming that Sears intentionally violated the automatic stay and were in contempt of court by sending the Letter to Lisa Epperson. The Eppersons sought damages, punitive damages, attorney fees, damages for contempt, and an order requiring Sears to cease all attempts to directly contact or communicate with them in respect to their debt to it, and to refrain from directly contacting or communicating with any other Chapter 7 debtors represented by their attorney with-

out first obtaining relief from the automatic stay.

Without explaining its reasoning therefor, the bankruptcy court concluded that Sears' sending a copy of the Letter to the Eppersons was more than an informational communication and was an action to recover on a claim. Accordingly, the bankruptcy court held that sending a copy of the Letter to the Eppersons was a violation of the automatic stay.[1] The bankruptcy court declined, however, to characterize Sears' conduct as an intentional or willful violation of the stay.

The bankruptcy court granted the Eppersons' complaint to the extent that it ordered Sears to "immediately cease all attempts to directly contact or communicate with the Debtors in respect to the debt that is the subject of this Adversary Proceeding", but denied all other relief requested by the Eppersons. (*See* Order dated October 6, 1992.)

### Discussion.

The Court has subject matter jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). For the reasons stated below, this Court reverses the bankruptcy court's decision.

■ Sears does not dispute any factual finding made by the bankruptcy court. Instead, it challenges the bankruptcy court's interpretation of 11 U.S.C. § 362(a)(6). In evaluating the legal conclusions of the bankruptcy court, this Court conducts a *de novo* review. *In re Graven*, 936 F.2d 378, 382 (8th Cir.1991); *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir.1990).

■ Under section 362(a)(6) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

Sears asserts that the bankruptcy court erred when it ruled that (i) Sears violated the automatic stay by sending a copy of the Letter to Lisa Epperson; (ii) Sears violated the automatic stay as to debtor Randy Ep-

person by sending a copy of the Letter to Lisa Epperson; and (iii) the copy of the Letter constituted an action by Sears to collect a prepetition claim. The Court will address Sears' first and last contentions together.

The Eppersons state that the purpose of the automatic stay provisions of 11 U.S.C. § 362(a)(6) is to stop all collection activities after a bankruptcy filing. They argue that Sears' sending a copy of the Letter to Lisa Epperson constituted an action to collect a debt and violated the automatic stay because it directly asserted Sears' purchase money interest in merchandise, requested information concerning Lisa Epperson's intention with regard to the merchandise, and offered a line of credit only if she reaffirmed the debt.

Sears contends that a copy of the Letter was sent to Lisa Epperson clearly marked for informational purposes only, to ensure that she was aware it retained a security interest in certain property. Sears notes that the Eppersons did not list Sears as a secured creditor or file a statement of intention with regard to the Sears merchandise. Sears argues that a letter sent to a debtor simply to inform the debtor of the creditor's intentions and rights is not a violation of the automatic stay, citing, *inter alia, In re Callender,* 99 B.R. 378 (Bankr.S.D.Ohio 1989) and *In re Spaulding,* 116 B.R. 567 (Bankr. S.D.Ohio 1990). Sears also asserts that a properly-worded letter which inquires about reaffirmation does not violate the automatic stay, citing *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81 (3rd Cir.1988).

Courts have uniformly refused to interpret section 362(a)(6) to prohibit a creditor from making any post-bankruptcy contact with a debtor. Despite the literal language of the statute, the general rule is that requests for voluntary payment or reaffirmation are not barred by the automatic stay absent coercion or harassment by the creditor. *See Brown,* 851 F.2d at 86; *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n,* 804

---

1. The bankruptcy court concluded that sending the Letter to the Eppersons' attorney did not violate the automatic stay. (*See* Transcript of Trial held October 5, 1992, p. 48.) The parties do not appeal this conclusion.

F.2d 1487, 1491 (9th Cir.1986), *cert. denied*, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987) ("the activities that are specifically prohibited [by section 362(a) ] all involve attempts to confiscate the debtor's property or require the debtor to act affirmatively to protect its interests"); *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1059 (D.C.Cir.1992); *Sears, Roebuck & Co. v. Duke*, 1995 WL 151782 at *2 (N.D.Ill.1995); *In re Hazzard*, 1995 WL 110588 at *2 (Bankr.N.D.Ill.1995); *Haymaker v. Green Tree Consumer Discount Co.*, 166 B.R. 601, 608 (Bankr.W.D.Pa.1994); *In re Briggs*, 143 B.R. 438, 451–52 (Bankr.E.D.Mich.1992) ("a creditor does not violate § 362(a)(6) simply by attempting to obtain a debtor's consent to repay an indebtedness"); *In re Jefferson*, 144 B.R. 620, 623 (Bankr.D.R.I.1992).

The decisions in *Sears, Roebuck & Co. v. Duke*, 1995 WL 151782, *In re Hazzard*, 1995 WL 110588, and *In re Jefferson*, 144 B.R. 620, are closely analogous to the present case. In each, a creditor sent a letter to a debtor's attorney proposing reaffirmation and sent a copy to the debtor. The letters were found to be mildly worded, non-threatening and non-harassing. The court in each case determined that the copy sent to the debtor did not constitute an action to collect a debt in violation of the automatic stay.

In *Jefferson*, the court noted that requests for payment or reaffirmation are not violative of section 362(a)(6) absent threats or harassment, and found the creditor's letter "exemplary of the type of communication we deem acceptable in negotiating a reaffirmation agreement." *Jefferson*, 144 B.R. at 624. In *Hazzard*, the copy sent to the debtor was marked "for informational purposes only". 1995 WL 110588 at *3. The bankruptcy court found that sending the copy to the debtor was at most an "informational, indirect communication" which did not violate the automatic stay, and held that a communication must be threatening or coercive to violate section 362(a)(6). *Id.* In *Sears*, the court stated that a proposal of reaffirmation does not violate section 362(a)(6) absent threats or undue coercion amounting to harassment of the debtor. 1995 WL 151782 at *5. The district court in *Sears* found that

the debtor's copy of the letter, which was marked "for information purposes", was not threatening, harassing or unduly coercive.

The reasoning underlying all of these cases is that good cause exists not to construe section 362(a)(6) strictly. If the section were construed as prohibiting any action by a creditor intended to obtain the debtor's consent to repay a prepetition debt, the creditor's ability to negotiate reaffirmation agreements is essentially negated. *See In re Briggs*, 143 B.R. at 450. Such a result would appear contrary to congressional intent as manifested in other portions of the Bankruptcy Code. Section 524(c) establishes the criteria which must be met before a reaffirmation agreement will be enforced, and does not indicate that the agreement cannot be a product of a creditor's negotiation efforts. *Id.* Section 524(c)(3) refers to the "course of negotiating an agreement under this subsection", which implies that a creditor may act affirmatively to reach a reaffirmation agreement. *Id.*; 11 U.S.C. § 524(c)(3).

In addition, section 362 was amended in 1984 "to encourage the prompt execution and implementation of good faith reaffirmation agreements by eliminating the cumbersome and unnecessary prior approval procedures which inhibited debtors and creditors from consummating mutually acceptable debt retirement arrangements." *Sears, Roebuck & Co. v. Duke*, 1995 WL 151782 at *4 (quoting S.Rep. No. 98–65, 98th Cong., 1st Sess. 59, 60 (1983). In 1994, the Bankruptcy Code was amended again to clarify and expedite procedures for the reaffirmation of debts. *Id.* (citing H.Rep. 835, 103d Cong., 2d Sess. at 36–37, reprinted in 1994 U.S.C.C.A.N. 3340, 3345 (December 1994)). To prohibit a creditor from contacting a debtor and his attorney to offer reaffirmation terms contravenes Congress' intent to simplify and facilitate the reaffirmation process. *Id.* (citing *In re Briggs*, 143 B.R. at 451).

▮ In accordance with the weight of authority, this Court concludes that a proposal of reaffirmation terms does not violate the automatic stay provision of section 362(a)(6) unless it contains threats or coercion amount-

199

ing to harassment of the debtor. It must still be determined whether Sears' letter in this case was threatening or harassing.[2] "This inquiry is imprecise and must be resolved on a case-by-case basis." *Sears,* 1995 WL 151782 at *5; *Jefferson,* 144 B.R. at 623.

The Court concludes that Sears' actions in this case do not constitute threatening or harassing behavior. The Letter acknowledges the Eppersons' bankruptcy, notifies them that Sears holds a purchase money security interest in specific property, asks for a statement of their intentions regarding the property,[3] recites the Eppersons' options regarding the property, and proposes a reaffirmation agreement that allow the Eppersons to retain a credit line with Sears.

The Court finds the wording of the Letter to be reasonable, non-threatening and non-coercive. The Letter was addressed to the Eppersons' attorney, and copied to Lisa Epperson clearly marked "for information purposes". There can be no allegation that Sears improperly attempted to circumvent the Eppersons' relationship with their attorney. The Court concludes the copy of the Letter was sent to Lisa Epperson merely to inform her of Sears' interests and to apprise her of its reaffirmation proposal. There is no evidence the Letter was intended to coerce, threaten or harass the Eppersons into paying the debt.

*Conclusion.*

The copy of the Letter sent by Sears to Lisa Epperson is not an action to collect a debt as that phrase is contemplated by the Bankruptcy Code. The Letter was not threatening or coercive to the point of harassment, and thus does not violate the automatic stay under section 362(a)(6). As a result, the Court does not reach the issue whether sending a letter to one debtor in a joint bankruptcy could constitute a violation of the automatic stay as to the other debtor.

Accordingly, the order of the bankruptcy court of October 6, 1992 must be reversed.

---

**2.** Although Sears, Roebuck and Co. was the also creditor in both the *Hazzard* and *Sears, Roebuck and Co. v. Duke* cases, the letters examined in those cases are not identical to the letter in the present case.

**3.** As the bankruptcy court found, the Eppersons failed to properly schedule the Sears debt and did not file a statement of intention with regard to it.